UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80360-CIV-CANNON

**TRADEINVEST ASSET MANAGEMENT
COMPANY (BVI) LTD.,
FIRST OCEAN ENTERPRISES SA**, and
**TECHVIEW INVESTMENTS LTD.**,

     Plaintiffs,

v.

**JAMES HOLMES et al.**,

     Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION TO SEAL

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion for Leave to File Complaint Under Seal (the "Motion") [ECF No. 6], filed on March 9, 2022.  For the reasons set forth below, Plaintiffs' Motion [ECF No. 9] is **DENIED**.

District courts possess "discretion to determine which portions of the record should be placed under seal, but [that] discretion is guided by the presumption of public access to judicial documents."  *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013).  "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Court of California, Riverside Cty.*, 464 U.S. 501, 510 (1984).  As such, parties seeking to seal court records must set forth a particularized basis for their request and establish that an important right is being undermined by publicity of the records at issue.  *See United States v. Sajous*, 749 F. App'x 943, 945 (11th Cir. 2018) (affirming district court's denial

of motion to seal because movant failed to provide adequate basis for sealing entries in court docket); *see also Sec. Networks, LLC. v. Vision Sec., LLC*, No. 14-80453-CIV, 2014 WL 12538975, at *2 (S.D. Fla. Apr. 8, 2014) (denying motion to seal complaint where the only basis for sealing was that the complaint's allegations would violate a non-disclosure agreement).

Plaintiffs asks this Court for leave to file their complaint under seal [ECF No. 6]. Plaintiffs say this is necessary because the Complaint references privately held financial information, disclosure of which possibly would violate a Mutual Non-Disclosure Agreement executed by PSQ Capital, LLC, acting as representative for Plaintiffs [ECF No. 6 p. 3; ECF No. 6-1].

The Court does not find sealing of the Complaint to be warranted. First, the Mutual Non-Disclosure Agreement between PSQ Capital, LLC and Surterra Holdings, Inc. binds the Parties, not the Court. Second, the Agreement alone does not provide good cause to overcome the strong presumption in favor of public access. And finally, the openness of judicial proceedings should have been a consideration when deciding to ask this Court to adjudicate the issues in the instant matter. Plaintiffs have not met their burden to justify sealing the Complaint, which of course initiates the case, frames Plaintiffs' case, and guides the litigation going forward.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion [ECF No. 6] is **DENIED**.

2. Plaintiff shall separately file an unredacted copy of the Complaint by March 28, 2022.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 14th day of March, 2021.

                                                               **AILEEN M. CANNON**
                                                               **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record