UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80360-CIV-CANNON/Reinhart

**TRADEINVEST ASSET MANAGEMENT COMPANY (BVI) LTD., FIRST OCEAN ENTERPRISES SA, and TECHVIEW INVESTMENTS LTD.,**

      Plaintiff,

v.

**WILLIAM BEAU WRIGLEY JR et al.**,

      Defendants.

                                                  /

## JOINT MOTION TO CONSOLIDATE FOR PURPOSES OF DISCOVERY

Plaintiffs TradeInvest Asset Management Company (BVI) Ltd. ("TradeInvest"), First Ocean Enterprises, SA ("First Ocean," and with TradeInvest, the "TradeInvest Plaintiffs") and Defendants William Beau Wrigley Jr. ("Wrigley"), James Holmes ("Holmes"), and James Whitcomb ("Whitcomb")—and joined by Plaintiff in a related action, Legacy Knight Strategic Opportunities Fund – Parallel Series ("Legacy Knight") and additional defendants in the Legacy Knight action SH Parent Inc. d/b/a Parallel ("Parallel"), Surterra Holdings Inc. ("Surterra", and together with TradeInvest, First Ocean, and Defendants, the "Parties")—by and through the undersigned counsel of record, and, pursuant to Federal Rule of Civil Procedure 42, hereby respectfully request that the Court enter an Order consolidating this matter with *Legacy Knight Strategic Opportunities Fund – Parallel Series v. William 'Beau' Wrigley, Jr. et al.*, S.D. Fla. Case No. 9:22-cv-81569 (the "Legacy Knight Action"), *solely* for purposes of discovery, and, pursuant

to Federal Rules of Civil Procedure 6 and 16, amend the scheduling orders in both actions as set forth in the [Proposed] Order Consolidating Discovery. In support thereof, the Parties state as follows:

## **INTRODUCTION – THE TRADEINVEST ACTION**

1. This action (the "TradeInvest Action") relates to an investment in a Simple Agreement for Future Equity ("SAFE") by TradeInvest and First Ocean (together, the "TradeInvest Plaintiffs") in Parallel and Surterra (the "Company").

2. On March 8, 2022, the TradeInvest Plaintiffs initiated their lawsuit against Defendants. (D.E. 1.)

3. In their operative Complaint (D.E. 59), the TradeInvest Plaintiffs assert the following causes of action:

   a. Count I – Violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") against all Defendants;

   b. Count II – Violations of Section 20(a) of the Exchange Act against Wrigley, Holmes, and Whitcomb (the "Individual Defendants");

   c. Count III – Violations of the Georgia Uniform Securities Act of 2008 against all Defendants;

   d. Count IV – Violations of the Georgia Uniform Securities Act of 2008 against the Individual Defendants; and

   e. Count V – Common Law Fraud/Fraudulent Inducement against Defendants.

4. On July 5, 2023, the Court issued its Order granting in part and denying in part Defendants' Motions to Dismiss (D.E. 108).

5. In accordance with the Court's ruling on the Motions to Dismiss, Defendants answered the operative Complaint on August 3, 2023. (D.E.s 116, 117, and 118.)

6. On August 3, 2023, the Court issued its Scheduling Order (D.E. 114) in this action.

7. On August 4, 2023, the Honorable Magistrate Judge Bruce Reinhart issued his Standing Discovery Order in the TradeInvest Action. (D.E. 119.)

8. As such, the pleadings in the TradeInvest Action are closed.

### INTRODUCTION – THE LEGACY KNIGHT ACTION

9. Legacy Knight commenced an action against Defendants on October 12, 2022. (D.E. 1.) That litigation asserts claims that are very similar to the claims asserted in the present litigation, against the same Defendants. Those claims concern, like the claims in the TradeInvest Action, investments Legacy Knight made in the Company, through a SAFE. Specifically, in its Complaint (D.E. 1), Legacy Knight asserts the following causes of action:

    a. Count I – Violations of Section 10(b) of the Exchange Act against Defendants;

    b. Count II – Violations of Section 20(a) of the Exchange Act against the Individual Defendants;

    c. Count III – Violations of the Georgia Uniform Securities Act of 2008 against Defendants;

    d. Count IV – Violations of the Georgia Uniform Securities Act of 2008 against the Individual Defendants;

    e. Count V – Common Law Fraud / Fraudulent Inducement against Defendants; and

    f. Count VI – Rescission against the Company.

10. On October 13, 2022, Legacy Knight notified the Court of a related action, referring to the TradeInvest Action (D.E. 4).

11. On November 8, 2022, the Honorable Judge Donald M. Middlebrooks transferred the Legacy Knight Action to this Court. (D.E. 16.)

12. The Court issued its ruling on Defendants' Motion to Dismiss in the Legacy Knight Action on October 10, 2023. (D.E. 49.)

13. On October 23, 2023, Defendants in the Legacy Knight Action answered the Complaint. (D.E.s 51, 52, 53.)

14. On November 8, 2023, the Court entered its Scheduling Order in the Legacy Knight Action. (D.E. 61.)

15. On November 9, 2023, the Honorable Magistrate Judge Bruce Reinhart entered his Standing Discovery Order in the Legacy Knight Action. (D.E. 62.)

16. As such, the pleadings are closed in the Legacy Knight Action.

### STATUS OF DISCOVERY IN BOTH ACTIONS

17. Discovery is in the early stages in both actions.

18. In the TradeInvest Action, the parties exchanged Rule 26(a)(1) Initial Disclosures, and TradeInvest has issued Requests for Production ("RFPs") to Defendants, and served Interrogatories on the Company. Wrigley, Whitcomb, and Holmes have served RFPs on the TradeInvest Plaintiffs. TradeInvest and Wrigley are in the process of negotiating search terms to be applied to their respective ESI.

19. In light of the Court's Order Granting Joint Motion For Partial Stay As To Company Defendants Only, D.E. 38, the Company's obligations to respond to discovery served on it are stayed, and Plaintiffs served subpoenas for documents on the Company.

20. The Parties negotiated a Protective Order, which the Court has entered. Likewise, the Parties are currently negotiating an ESI Protocol, and have had several meet and confers to discuss the appropriate scope of their respective RFPs and the subpoenas served on the Company. The Parties are also in the process of collecting and reviewing documents for the purposes of production.

21. In the Legacy Knight Action, the Parties exchanged Rule 26(a)(1) Initial Disclosures. Whitcomb served Interrogatories and Wrigley and Whitcomb served RFPs on Legacy Knight. The Defendants have also served proposed search terms to be applied to Legacy Knight's ESI.

22. Depositions have not yet been scheduled in either matter. The TradeInvest Plaintiffs served notices for deposition on January 4, 2024. On January 15, 2024, Wrigley served a notice of deposition on Trip McCoy, the only person affiliated with the TradeInvest Plaintiffs identified in their Rule 26(a)(1) disclosures. The Parties plan to meet and confer to schedule the depositions at agreeable dates.

23. All Parties in each action have conferred to discuss consolidation for the purposes of discovery. The Parties agree that consolidation of the TradeInvest Action and the Legacy Knight Action solely for the purposes of discovery is likely to streamline the discovery process for all litigants, foster efficiency, reduce burdens on the Court, and ultimately promote the interests of judicial economy. Specifically, consolidating these actions solely for the purposes of discovery is likely to reduce duplicative document discovery and depositions. Further, because the allegations in the two actions are substantially similar, and the cases involve common issues of fact and law, any discovery disputes that emerge in one of the actions are highly likely to arise in the other one

as well.  Thus, consolidation is likely to preserve judicial resources and the Parties' resources by eliminating, among other things, duplicative motion practice.

24.     The Parties further agree that an extension of discovery and certain other deadlines will be necessary to enable them to complete consolidated discovery across the TradeInvest Action and the Legacy Knight Action, as set forth in Paragraph 38 below, and respectfully request that the Court enter an Order modifying the case schedule accordingly.  The Parties further agree that the mediations scheduled to take place on May 7, 2024 and May 8, 2024 in the TradeInvest Action and the Legacy Knight Action, respectively, shall proceed as scheduled.  The Parties reserve rights to seek to reschedule such mediations if, based on the revised schedule and progress of discovery, moving the initial dates is more likely to result in a productive mediation.

### STANDARD ON MOTION TO CONSOLIDATE FOR PURPOSES OF DISCOVERY

25.     Federal Rule of Civil Procedure 42(a) provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

26.     Federal Rule of Civil Procedure 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. Augusta, Georgia*, 59 F.3d 1160, 1168 (11th Cir. 1995).

27.     "Rule 42(a) codifies the court's 'inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Carroll v. Tavern Corp.*, 1:08-CV-2514-TWT-JFK, 2009 WL 10666084, at *1 (N.D. Ga. Feb. 27, 2009) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

28. In *Hendrix*, this Circuit set the following standard for determining whether a Motion to Consolidate is warranted:

> "[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

776 F.2d 1495 (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

29. "The *Hendrix* court further explained, 'We have encouraged trial judges to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *Federal Ins. Co. v. Banyon 1030-32, LLC*, 2010 WL 3212119, at *1 (M.D. Fla. Aug. 12, 2010) (quoting *Hendrix*, 776 F.2d at 1495).

30. As one sister court in this circuit recognized:

> In consideration of the many commonalities between the aforementioned cases, this Court determines that consolidation of the cases for the purposes of discovery is appropriate. The consolidation of these cases for the purposes of discovery will eliminate the risk of inconsistent adjudications of common factual and legal issues. Further, consolidation for the purposes of discovery will lessen the burden on the parties, witnesses, and available judicial resources. Consolidation for the purposes of discovery will also help eliminate unnecessary repetition and confusion.

*Banyon 1030-32, LLC*, 2010 WL 3212119, at *1.

### THE TWO ACTIONS INVOLVE SIMILAR ALLEGATIONS

31. Both actions arise out of SAFE investments in the Company. The investments made by the TradeInvest Plaintiffs and Legacy Knight were made during the same time period. The allegations in each operative complaint are similar, and recite many of the same causes of action.

32. Because the allegations in the actions are substantially similar, the discovery sought from each party, and from the Defendants and the Company in particular (whether through

7

subpoena, Request for Production, or deposition), will be similar and is likely to overlap in many respects.

33. Moreover, the Parties agree that consolidation of discovery between the Actions would be beneficial to all litigants and is in the interest of judicial economy.

34. The Parties acknowledge that, although the allegations in the two matters are substantially similar, the Parties might require certain discovery that is unique to their clients, and further acknowledge and agree that consolidation is not intended to, and should not have the effect of, prejudicing any party's efforts to pursue discovery that may be unique to either action.

35. Consequently, the Parties acknowledge that the 7-hour limit for depositions set forth in Federal Rule of Civil Procedure ("FRCP") 30(d)(1), should be enlarged up to a 10-hour time limit, on the record, on a combined basis for the depositions of each Individual Defendant and each Plaintiff. Notwithstanding the foregoing, the Parties agree to work in good faith to limit unnecessarily duplicative and/or burdensome depositions and to ensure that any depositions in this case shall be conducted as efficiently as possible.

36. The Parties further acknowledge that, for similar reasons, the 10-deposition limit set forth in FRCP 30(a)(2)(A)(ii) should be enlarged to a 12-deposition limit for the TradeInvest and Legacy Knight Plaintiffs combined, as well as for Defendants combined. The Parties shall work in good faith to resolve any disputes that may emerge as to the number of depositions needed, but they reserve the right to seek leave to depose additional witnesses beyond the 12-deposition limit described above.

37. Finally, each set of Plaintiffs reserves the right to negotiate among the Plaintiffs whether and to what extent documents produced by one set of Plaintiffs will be produced to the other set of Plaintiffs, and/or to designate documents for treatment as confidential or highly

confidential by Plaintiffs irrespective of how those materials were designated under the Protective Order for production to Defendants. Defendants and the Company reserve the same rights for themselves.

## THE REQUESTED RELIEF

38. For all of these reasons, the Parties respectfully request that the Court enter the [Proposed] Order Consolidating discovery, or a substantially similar order that:

   a. Consolidates the TradeInvest Action (Case No. 22-cv-80360) with the Legacy Knight Action (Case No. 22-cv-81569) *solely* for purposes of discovery;

   b. Consolidates the depositions between the TradeInvest Action (Case No. 22-cv-80360) and the Legacy Knight Action (Case No. 22-cv-81569) for witnesses common to both actions such that depositions may be cross noticed between the two Actions, with the understanding that (i) the time limit for the depositions described in Paragraph 36 shall be increased to up to 10 hours on the record, and (ii) the TradeInvest and Legacy Knight Plaintiffs on the one hand, and the Defendants on the other hand, may depose up to a total of 12 witnesses without further leave of the Court, without prejudicing any party's right to move for relief as to the number of and time limits for any depositions; and

   c. Amends the deadlines in the TradeInvest Action (*see* D.E. 114, 122) and the Legacy Knight Action (*see* D.E. 61, 73) as follows::

      1. **August 2, 2024**. The Parties exchange expert witness summaries or reports.

      2. **August 30, 2024:** The Parties exchange rebuttal expert witness summaries or reports.

      3. **September 13, 2024. All** discovery, including expert discovery, shall be completed.

b. Amends the deadline for the parties in the TradeInvest Action to file a joint discovery status report (*see* D.E. 134) such that the deadline for the Parties in both Actions to file a joint discovery status report is **March 8, 2024**.

c. Amends the following deadlines in the TradeInvest Action (*see* D.E. 114) as follows:

      1. **May 13, 2024**: The Parties must have completed mediation and filed a mediation report. Within five (5) days of mediation, the Parties are required to file a mediation report with the Court. The mediation report shall indicate when and where the mediation was conducted; the name of the mediator; who attended the mediation; whether the case settled (in full or in part); whether it was adjourned; or whether the mediator declared an impasse. If mediation is not conducted in accordance with the Court's Orders and the Local Rules, the case may be stricken from the trial calendar, and other sanctions may be imposed.

      2. **October 8, 2024**: The Parties shall file all pre-trial motions, including motions for summary judgment, and Daubert motions. Each party is limited to filing one Daubert motion. If a party cannot address all evidentiary issues in a 20-page memorandum, it must

petition the Court for leave to include additional pages. The parties are reminded that Daubert motions must contain the Local Rule 7.1(a)(3) certification. The Parties are directed to review the Court's procedure for the filing of summary judgment motions (set out below).

3. **November 8, 2024**: Parties shall file oppositions to all dispositive pre-trial or Daubert Motions.

4. **November 18, 2024**: Parties shall file replies to any dispositive pre-trial or Daubert Motions

5. **December 13, 2024:** Parties shall file joint pretrial stipulation, witness lists, and exhibit lists in accordance with Local Rule 16.1(d) and (e). The Parties shall also file final proposed jury instructions or conclusions of law (for non-jury trials).

6. **January 6, 2025**: Counsel for all parties shall appear at a combined pretrial conference and calendar call on January 6, 2025 at 1:45 p.m., or at another date and time convenient for the Court.

7. **January 13, 2025:** The TradeInvest Action shall be set for trial during the Court's two-week trial calendar beginning on January 13, 2025 at 9:00 a.m., or at another date and time convenient for the Court.

d. Amends the following deadlines in the Legacy Knight Action (*see* D.E. 61) as follows:

1. **March 3, 2025**: The Parties shall file all pre-trial motions, including motions for summary judgment, and Daubert motions. Each party is limited to filing one Daubert motion. If a party cannot address all evidentiary issues in a 20-page memorandum, it must petition the Court for leave to include additional pages. The parties are reminded that Daubert motions must contain the Local Rule 7.1(a)(3) certification. The Parties are directed to review the Court's procedure for the filing of summary judgment motions (set out below).

2. **April 4, 2025:** The Parties shall file oppositions to all dispositive pre-trial or Daubert Motions.

3. **April 14, 2025**: Parties shall file replies to any dispositive pre-trial or Daubert Motions.

4. **June 2, 2025:** Parties shall file joint pretrial stipulation, witness lists, and exhibit lists in accordance with Local Rule 16.1(d) and (e). The Parties shall also file final proposed jury instructions or conclusions of law (for non-jury trials).

5. **June 16, 2025**: Counsel for all parties shall appear at a combined pretrial conference and calendar call on June 16, 2025 at 1:45 p.m., or at another date and time convenient for the Court.

6. **June 23, 2025**: The Legacy Knight Action shall be set for trial during the Court's two-week trial calendar beginning on June 23,

2025 at 9:00 a.m., or at another date and time convenient for the Court.

e. Grants other relief that the Court deems proper and just under the circumstances.

DATED: February 7, 2024

Respectfully submitted,

| | |
|---|---|
| **MARCUS NEIMAN RASHBAUM & PINEIRO LLP** | **QUINN EMANUEL URQUHART & SULLIVAN LLP** |
| By: */s/ Jason L. Mays* | By: /s/ *Jason D. Sternberg* |
| Jeffrey E. Marcus, Esq.<br>Florida Bar No. 310890<br>jmarcus@mnrlawfirm.com<br>Jason L. Mays, Esq.<br>Florida Bar No. 106495<br>jmays@mnrlawfirm.com<br>2 S. Biscayne Blvd., Suite 2530<br>Miami, Florida 33131<br>Tel: (305) 400-4262<br>Fax: (954) 688-2492 | John O'Sullivan (Fla. Bar No. 143154)<br>Jason D. Sternberg (Fla. Bar No. 72887)<br>2601 South Bayshore Drive, Suite 1550<br>Miami, FL 33133<br>Telephone: (305) 439-5008<br>johnosullivan@quinnemanuel.com<br>jasonsternberg@quinnemanuel.com<br><br>Michael B. Carlinsky (*pro hac vice*)<br>Susheel Kirpalani (*pro hac vice*)<br>Jacob J. Waldman (*pro hac vice*)<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000 |
| **WILLKIE FARR & GALLAGHER LLP**<br>Sameer Advani (*pro hac vice*)<br>Brittany M. Wagonheim (*pro hac vice*)<br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone: (212) 728-8000<br>sadvani@willkie.com<br>bwagonheim@willkie.com<br><br>Craig C. Martin (*pro hac vice*)<br>John D. Mitchell (*pro hac vice*)<br>Aaron J. Hersh (*pro hac vice*)<br>300 N. LaSalle Drive<br>Chicago, IL 60654<br>Telephone: (312) 728-9000<br>cmartin@willkie.com<br>ahersh@willkie.com<br><br>*Attorneys for Defendant William "Beau" Wrigley, Jr.* | Secondary: olgagarcia@quinnemanuel.com<br><br>*Attorneys for the TradeInvest Plaintiffs*<br><br>**SAUL EWING LLP**<br><br>By: /s/ *Hilda Piloto*<br>Hilda Piloto, Esq.<br>Florida Bar No. 0154120<br>SAUL EWING LLP<br>701 Brickell Avenue, 17th Floor<br>Miami, FL 33131<br>Main No.: (305) 428-4500<br>Direct No.: (305) 428-4553<br>E-mail: hilda.piloto@saul.com;<br>tracy.alger@saul.com; |

**ZEBERSKY PAYNE SHAW LEWNENZ LLP**

By: /s/ *Zachary D. Ludens*

Jordan Alexander Shaw (FBN 111771)
jshaw@zpllp.com
Zachary Dean Ludens (FBN 111620)
zludens@zpllp.com
Lauren Nicole Palen (FBN 1038877)
lpalen@zpllp.com
110 Southeast 6th Street
Suite 2900
Fort Lauderdale, FL 33301
954-595-6075

*Attorneys for Defendant James Holmes*

**NASON YEAGER GERSON HARRIS & FUMERO, P.A.**

By: /s/ *Gary A. Woodfield*
Gary A. Woodfield
3001 PGA Blvd., Suite 305
Palm Beach Gardens, Florida 33410
(561) 686-3307
gwoodfield@nasonyeager.com

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
Kaitlyn A. Crowe (*pro hac vice*)
919 Third Avenue
New York, NY 10022
Phone: 212.935.3000
Fax: 212.983.3115
kacrowe@mintz.com

*Attorneys for Plaintiff Legacy Knight Strategic Opportunities Fund – Parallel Series*

aida.mclaughlin@saul.com;
mia-ctdocs@saul.com

Casey Grabenstein, Esq. (pro hac vice)
SAUL EWING LLP
161 North Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7810
E-mail: casey.grabenstein@saul.com

John F. Stoviak, Esq. (pro hac vice)
SAUL EWING LLP
1200 Liberty Ridge Drive, Suite 200
Wayne, PA 19087
Telephone: (610) 251-5056
E-mail: john.stoviak@saul.com

Kayleigh T. Keilty, Esq. (pro hac vice)
SAUL EWING LLP
1001 Fleet Street
Baltimore, MD 21201
Telephone (410) 332-8919
E-mail: kayleigh.keilty@saul.com

*Attorneys for Defendants SH Parent Inc. d/b/a Parallel, Surterra Holdings Inc., and James Whitcomb*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2024, the foregoing was filed with the Court via the Court's CM/ECF system, which generated notices of electronic filing on all counsel of record.

*/s/ Jason L. Mays*
Jason L. Mays