UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-81569-CIV-CANNON/Reinhart
22-80360-CIV-CANNON/Reinhart

**LEGACY KNIGHT STRATEGIC OPPORTUNITIES FUND-PARALLEL SERIES**,

    Plaintiff,

v.

**WILLIAM BEAU WRIGLEY JR et al.**,

    Defendants.
_____/

**TRADEINVEST ASSET MANAGEMENT COMPANY (BVI) LTD.**,
**FIRST OCEAN ENTERPRISES SA**, and
**TECHVIEW INVESTMENTS LTD.**,

    Plaintiffs,

v.

**WILLIAM WRIGLEY JR. et al.**,

    Defendants.
_____/

## ORDER CONSOLIDATING CASES

**THIS CAUSE** comes before the Court upon the Joint Motion to Consolidate Cases **22-81569-CIV-CANNON** and **22-80360-CIV-CANNON** for Purposes of Discovery (the "Motion") [ECF No. 150], filed on February 7, 2024. The Motion requests that the Court issue an order that (a) consolidates the TradeInvest Action (Case No. 22-cv-80360) with the Legacy Knight Action (Case No. 22-cv-81569) solely for the purposes of discovery; (b) consolidates depositions between the TradeInvest Action and the Legacy Knight Action; and (c) amends various deadlines in the

CASE NO. 22-81569-CIV-CANNON/Reinhart
22-80360-CIV-CANNON/Reinhart

TradeInvest Action and the Legacy Knight Action [ECF No. 150]. For the reasons set forth herein, the Joint Motion to Consolidate [ECF No. 150] is **GRANTED**.

\*\*\*

Under Rule 42, a court is permitted to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). "This rule is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (internal quotation marks omitted). The Eleventh Circuit has "encouraged trial judges to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* (internal quotation marks and ellipses omitted). A district court's decision to consolidate actions under Rule 42 is discretionary, and in exercising its discretion, the court must determine the following:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (alterations omitted).

After weighing the foregoing considerations, and in light of the parties' positions, the Court concludes that consolidation of the above-styled cases for discovery purposes is warranted. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The parties' Joint Motion to Consolidate [ECF No. 150] is **GRANTED**.

2. The Clerk of the Court is instructed to **CONSOLIDATE Case No. 22-80360-CIV-CANNON** with **Case No. 22-81569-CIV-CANNON** for discovery purposes only.

CASE NO. 22-81569-CIV-CANNON/Reinhart
22-80360-CIV-CANNON/Reinhart

3. The parties shall continue to file any case-related motions/filings in both case numbers, as appropriate. In other words, there will be no "lead action," and parties shall continue to file independently in both dockets. Should there be a filing that applies in both cases, the parties shall take care to file the appropriate papers in both cases.

4. Depositions in **Case No. 22-cv-80360** and **Case No. 22-cv-81569** are hereby **CONSOLIDATED** for witnesses common to both actions such that depositions may be cross noticed between the two Actions, with the understanding that (i) the time limit for the depositions described in Paragraph 36 shall be increased to up to 10 hours on the record, and (ii) the TradeInvest and Legacy Knight Plaintiffs on the one hand, and the Defendants on the other hand, may depose up to a total of 12 witnesses without further leave of the Court, without prejudicing any party's right to move for relief as to the number of and time limits for any depositions.

5. The Court shall issue Amended Scheduling Orders with Amended Deadlines in **Case No. 22-80360** and **Case No. 22-81569**.

6. If circumstances arise warranting consideration of consolidation for purposes of trial, the parties may file appropriate motions at that time. Any such request must be jointly filed, even if the parties disagree, at least 60 days before trial.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 20th day of February 2024.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record