UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 22-80360-CIV-LEIBOWITZ

**TRADEINVEST ASSET MANAGEMENT COMPANY (BVI) LTD.**, **FIRST OCEAN ENTERPRISES SA**, and **TECHVIEW INVESTMENTS LTD.**,

    Plaintiffs,

v.

**WILLIAM "BEAU" WRIGLEY, JR.**,
**JAMES HOLMES**, **JAMES WHITCOMB**,
**SH PARENT INC. d/b/a PARALLEL**, and
**SURTERRA HOLDINGS, INC.**,

    Defendants.

_____/

**DEFENDANT WILLIAM "BEAU" WRIGLEY, JR.'S RESPONSE TO PLAINTIFFS' EXPEDITED MOTION FOR EXTENSION OF DEADLINE TO COMPLY WITH MAY 16, 2024 ORDER REGARDING "HIT COUNTS"**

Pursuant to the Court's June 10, 2024 order in the above-referenced case (ECF No. 177), Defendant William "Beau" Wrigley Jr. ("Wrigley"), joined by Defendants Whitcomb and Holmes, hereby respectfully submits his response to Plaintiffs' June 7, 2024 expedited motion (the "Motion") requesting that the Court enter an Order extending the deadline from June 10, 2024 to June 20, 2024 for Plaintiffs to provide "hit counts" referenced in the Court's Order dated May 16, 2024 (ECF No. 172) and states as follows in support thereof:

1. As set forth in the Parties' May 14, 2024 Joint Discovery Memorandum, Defendant Wrigley propounded his initial document requests on Plaintiffs over 8 months ago on September 28, 2023, and subsequently discussed with Plaintiffs on numerous occasions beginning in January 2024 that Messrs. Sarkis Izmirlian and Thanasis Laskaridis, the controllers of Plaintiffs TradeInvest

Asset Management Company (BVI) LTD. ("TradeInvest") and First Ocean Enterprises SA ("First Ocean") (hereinafter, the "Controllers") needed to be custodians because, among other reasons, they were the ultimate decision-makers with respect to the investments at issue. (*See* Joint Discovery Memorandum ¶¶ 6-13.) Plaintiffs represented during numerous meet and confers throughout March and April 2024 that they were still "evaluating" whether they would agree to make the Controllers custodians, but they refused to commit to searching for and producing responsive materials from them. (*Id.* ¶¶ 7-10.) On May 8, only after Wrigley sought a discovery conference with Your Honor about this issue, Plaintiffs agreed to run a limited set of search terms on the Controllers' emails, but refused to run search terms for the Controllers' text messages or other messaging applications, which Wrigley himself has done.

2. During the discovery conference on May 16, 2024, Your Honor initially ordered Plaintiffs to provide hit count data for the Controllers' email and messaging applications by June 3, 2024—the deadline that Plaintiffs' counsel initially requested because his "clients are overseas and not around a lot." (*See* Hr'g Tr. 33:2-25.) Plaintiffs' counsel then amended his request a few minutes later to ask that the deadline be June 10 instead of June 3 in light of "both Memorial Day weekend and also [counsel's] wedding anniversary." (*Id.* at 39:2-10.) Defendants did not object, and Your Honor granted Plaintiffs' request for the deadline to be June 10. (*Id.* at 39:11-13; *see also* ECF No. 172).

3. Three weeks later, on Friday, June 7, 2024 – a mere three days prior to the deadline – Plaintiffs informed Defendant Wrigley for the first time that Plaintiffs would not be able to timely comply with the June 10 deadline ordered by the Court to provide hit count data for the Controllers' ESI and that they planned to file an expedited motion for an extension of that deadline. During the June 7 call, Plaintiffs did not provide details on the specific steps they had taken to collect and search the relevant ESI. Nor did they commit to any date certain on which they would provide the

required hit reports. They did note, however, that Mr. Izmirlian had manually run search terms on his own text messages, and that Mr. Laskaridis was expected to do the same. Defendant Wrigley reiterated during the call that he was entitled to receive, consistent with the Court's order, hit count reports that were generated through a forensically defensible collection and search process with the use of a third-party e-discovery vendor.[1]

4. Plaintiffs' Motion is likewise light on details. Indeed, beyond stating that they have "diligently pursued" the requested information and noting that the Controllers reside "overseas," Plaintiffs have not provided information on exactly what steps were taken since the Court's order was issued to collect and search the Controllers' ESI or the precise issues that have made complying with the June 10 deadline impossible. The fact that some data may be located overseas is not unusual and parties routinely work with e-discovery vendors to collect data stored in locations outside the United States.

5. Notwithstanding that Plaintiffs have not established "good cause" for the extension they seek and their Motion contains several inaccuracies,[2] Defendant Wrigley does not oppose Plaintiffs' request for a 10-day extension so long as Plaintiffs provide complete hit count data for the Controllers' ESI (email and messaging applications) by June 20, 2024 and that such hit count data is the product of a forensically-defensible collection and search conducted by a third party e-discovery vendor.

---

[1] Such manual searches by a custodian himself would not comply with Plaintiffs' discovery obligations under the Federal Rules of Civil Procedure. *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2014 WL 800468, *2-3 (S.D. Fla. Feb. 28, 2014) (ordering forensic examination of Plaintiff's ESI because "[Plaintiff's] counsel permitted its client to self-collect ESI and documents," which led to "the indisputable conclusion that the ESI and document searches were inadequate.")

[2] For example, Plaintiffs claim that Defendants will suffer no prejudice because they have "noticed only one deposition *sine die*" (Mot. ¶ 6). But that is only because Defendants have been (and still are) waiting to receive documents from Plaintiffs that should have been collected and produced months ago and from which deposition determinations necessarily will flow.

        Respectfully submitted,

DATED:   June 10, 2024       WILLKIE FARR & GALLAGHER LLP

By: */s/ Sameer Advani*
  Sameer Advani
  Brittany M. Wagonheim
  787 Seventh Avenue
  New York, NY 10019
  Tel.: (212) 728-8000
  Fax: (212) 728-8111
  Email: sadvani@willkie.com
  bwagonheim@willkie.com

Craig C. Martin
Aaron J. Hersh
John D. Mitchell
300 North LaSalle Dr.
Chicago, IL 60654
Tel: (312) 728-9000
Fax: (312) 728-9199
Email: cmartin@willkie.com
ahersh@willkie.com
jmitchell2@willkie.com

Jeffrey Marcus
Jason Mays
MARCUS NEIMAN RASHBAUM & PINIERO LLP
One Biscayne Tower
2 South Biscayne Boulevard
Suite 2530
Miami, FL 33131
(305) 434-4941
Email: jmarcus@mnrlawfirm.com
jmays@@mnrlawfirm.com

*Attorney for Defendant William "Beau" Wrigley, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this June 10, 2024, the foregoing was filed with the Court via its CM/ECF system, which generated notices of electronic filing on all counsel of record.

<u>*/s/ Jeffrey Marcus*</u>
Jeffrey Marcus
MARCUS NEIMAN RASHBAUM &
PINIERO LLP

*Attorneys for Defendants William "Beau" Wrigley Jr.*

5