UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 22-80360-CIV-LEIBOWITZ

**TRADEINVEST ASSET MANAGEMENT COMPANY (BVI) LTD.**, **FIRST OCEAN ENTERPRISES SA**, and **TECHVIEW INVESTMENTS LTD.**,

    Plaintiffs,

v.

**WILLIAM "BEAU" WRIGLEY, JR.**, **JAMES HOLMES**, **JAMES WHITCOMB**, **SH PARENT INC. d/b/a PARALLEL**, and **SURTERRA HOLDINGS, INC.**,

    Defendants.

_____/

## REPLY IN FURTHER SUPPORT OF PLAINTIFFS' EXPEDITED MOTION FOR EXTENSION OF DEADLINE TO COMPLY WITH MAY 16, 2024 ORDER REGARDING "HIT COUNTS"

Plaintiffs TradeInvest Asset Management Company (BVI) Ltd., First Ocean Enterprises SA, and Techview Investments, Ltd. ("Plaintiffs") hereby submit this Reply in Further Support of Plaintiffs' Expedited Motion for Extension of Deadline to Comply with May 16, 2024 Order Regarding "Hit Counts," ECF No. 172, and make the following points:

1.     *First*, Defendants do not oppose Plaintiffs' request, as stated in the last paragraph of their response, ECF No. 179, and therefore there is no need for Court intervention. Indeed, pursuant to the Court's statements at the May 16, 2024 hearing, the parties could agree to a revised timeline without seeking a revised Order from the Court. *See also* ECF No. 176 at 2 n.1.

2.  *Second*, Defendants for the first time ask the Court to impose a requirement that the "hit counts" be obtained through the use of a third-party discovery vendor, which was not requested or ordered either at the May 16, 2024 hearing or in the Court's subsequent text order.  *See* ECF No. 172.  Regardless, since immediately after the hearing, Plaintiffs have nonetheless been working to onboard a vendor who can perform such a search while simultaneously, for the sake of time, obtaining from the custodians so called "manual" hit counts—which involve an attorney-supervised process of entering individual search terms into the search mechanism provided in the relevant application.  Plaintiffs will provide hit counts by the deadline requested in their Motion, while separately working expeditiously to continue the "forensic" process Defendants have demanded.  (Notably, some documents have, in fact, already been counted and collected by a non-party vendor.)  Indeed, if anything, Defendants prematurely raise issues relating to document *collection* and *review* that are not yet ripe or at issue in this straightforward request for additional time.[1]

3.  *Third*, so as not to delay the process, Plaintiffs intend to commence review of documents expeditiously, even while other counting or collection is still in process, in order to provide discovery as soon as practicably possible.

4.  The Court need not modify its May 16, 2024 Order, since Defendants have consented to the relief requested.  To the extent the Court does so, it should modify the Order

---

[1] Notably, *Procaps* is inapposite, as there a plaintiff "self-collect[ed] ESI and documents." Resp. ¶ 3 n.1 (quoting *Procaps S.A. v. Patheon Inc.*, No. 12-23356-CIV, 2014 WL 800468, *2-3 (S.D. Fla. Feb. 28, 2014)).  For instance, one custodian testified he had used "a single search term to collect emails" and had "decided for himself whether something was relevant."  2014 WL 800468, at *2.  By contrast, as discussed at the hearing and in the pre-hearing submissions, the parties have negotiated (and custodians have applied) substantial search terms including "Parallel," "Surterra," "Wrigley," "Whitcomb," and "Holmes," and even such broad, generic terms as "GH," "GHE," and "PE Fund."  Defendants offer no evidence suggesting anything remotely like the unsupervised and inadequate collection and production process at issue in *Procaps*.

solely to address the requested relief. To the extent Defendants seek to raise additional discovery concerns beyond the provision of hit counts, they may seek relief in a properly made motion.

                          Respectfully submitted,

DATED:   June 10, 2024              QUINN EMANUEL URQUHART &
                                              SULLIVAN, LLP

                                   By: */s/ Jason D. Sternberg*
                                        Jason D. Sternberg
                                        Fla. Bar No. 72887
                                        2601 South Bayshore Dr.
                                        Suite 1550
                                        Miami, FL 33133
                                        Telephone:  (305) 439-5008
                                        jasonsternberg@quinnemanuel.com

                                        *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on this June 10, 2024, the foregoing was filed with the Court via its CM/ECF system, which generated notices of electronic filing on all counsel of record.

*/s/ Jason D. Sternberg*
Jason D. Sternberg
Fla. Bar No. 72887
