UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80360-DSL

TRADEINVEST ASSET MANAGEMENT CO., and
FIRST OCEAN ENTERPRISES S.A.,

           Plaintiffs,

v.

WILLIAM "BEAU" WRIGLEY, JR.
JAMES HOLMES,
JAMES WHITCOMB, and
SH PARENT INC.
d/b/a PARALLEL SURTERRA HOLDINGS, INC.

           Defendants.
_____/

## DISCOVERY ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL (ECF No. 228)

The parties invoked this Court's discovery procedures to seek resolution of Plaintiffs' objections to Defendant Holmes' Second Set of Requests for Production and Defendant Wrigley's objection to Plaintiffs' redactions. I held a discovery hearing on October 31, 2024. It is ORDERED that:

    1.    Mr. Holmes has shown good cause for requesting the discovery hearing outside the time limits in Local Rule 26.1(g).

    2.    Plaintiffs' objections to Mr. Holmes' Requests for Production are sustained because the requests are not proportional to the needs of the case. Mr. Holmes asks for post-litigation, post-investment communications between Plaintiffs and its investment advisor PSQ. Mr. Holmes says this evidence is primarily

relevant to show PSQ's bias and to more fully explain the relationship between PSQ and Plaintiffs. Plaintiffs say that it would be unduly burdensome and expensive to respond to the Requests for Production, that the requests are too speculative, and that the evidence can be obtained through other, less burdensome means.

There is undisputed evidence already that (1) Plaintiffs never spoke directly to Defendants, (2) all communications relied on by Plaintiffs were through PSQ, (3) PSQ has a long and close professional relationship with Plaintiffs, (4) Plaintiffs have significant financial leverage over PSQ. Requiring Plaintiffs to conduct extensive and expensive document collection and review to look for other bias evidence, without any assurance that it exists, is not proportional to the needs of the case. Nothing in this Order precludes Mr. Holmes from trying to develop bias evidence through other discovery vehicles.

3. Mr. Wrigley objects to Plaintiffs' redactions of 31 documents. After an *in camera* review, those objections are, for the most part, overruled. The vast majority of Plaintiffs' redacted communications are not relevant to the claims and defenses raised in the case. However, Plaintiffs shall revise the redactions to Bates Nos. 10765, 12098, and 12157 as follows: for the document Bates No. 10765, Plaintiffs may keep the subject line and investment name redacted, but must unredact the June 2nd email at 6:01 p.m. and the two-line response at the top of the page; for the document Bates No. 12098, Plaintiffs must unredact the email sent at 10:07 p.m. starting from "And on a separate topic" through the end ("PS"); and for the document Bates No. 12157, the entire page shall be unredacted. Plaintiffs shall apply this ruling to all duplicates

of these emails. Plaintiffs shall provide the unredacted documents by **November 6, 2024, at noon Eastern time**. Plaintiffs may designate the documents under the Confidentiality Order, without prejudice to Defendants later challenging that designation.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 4th day of November 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE