UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:22-cv-80360-LEIBOWITZ/REINHART

TRADEINVEST ASSET MANAGEMENT
COMPANY (BVI) LTD., *et al.*,
　　　*Plaintiffs,*
v.

WILLIAM "BEAU" WRIGLEY, JR., *et al.*,
　　　*Defendants.*
＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿／

## ORDER FOR PLAINTIFFS TO SUPPLEMENT THE RECORD AND PROVIDE UNREDACTED EXHIBITS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendants' Motion for Summary Judgment [ECF No. 272 (SEALED); ECF No. 274 (REDACTED)].  Upon due consideration, the Court directs Plaintiffs as follows:

1. Plaintiffs must provide Chambers with hard-copy, unredacted versions of all documents (memorandum and exhibits) filed in opposition to Defendants' Motion for Summary Judgment [ECF No. 272 (SEALED); ECF No. 274 (REDACTED)].[1]  Plaintiffs must provide the unredacted copies which reflect the docket numbers of the documents filed to Chambers **no later than April 15, 2026,** and arrange for their delivery by contacting Sarah Montgomery at Sarah_Montgomery@flsd.uscourts.gov

2. Plaintiffs must supplement the record with an affidavit or citations to the summary judgment record that sets forth all facts to show the SAFE securities at issue in this lawsuit

---

[1]　Defendants provided Chambers with unredacted copies of their Motion, memorandum and exhibits in support thereof as directed by the Court.  [ECF No. 342].  At that time, the Court did not require Plaintiffs to provide the Court with unredacted versions of their opposition memorandum or exhibits, which were initially filed under seal [*see* ECF No. 300], then later filed in redacted format [*see* ECF No. 341].

comprised a "domestic transaction" as contemplated by the United States Supreme Court in *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 265-67, 273 (2010).  The SAFE Agreements filed with the Court [ECF Nos. 272-26 & 273-27 (SEALED)] expressly state the securities "have not been registered under the Securities Act of 1933."  [*Id.* at 1].  So under *Morrison*, Plaintiffs must show the SAFE securities were "domestic transactions," which the Second Circuit has held to require that "irrevocable liability is incurred or title passes within the United States."  *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60 (2d Cir. 2012).  Applying *Morrison*, the Eleventh Circuit has stated that, if a security is not listed on a domestic stock exchange, it is covered by Section 10(b) where "its purchase or sale is made in the Unted States."  *Quail Cruises Ship Mgmt. Ltd. v. Agencia de Viagens CVC Tur Limitada*, 645 F.3d 1307, 1310 (11th Cir. 2011) (quoting *Morrison*).  The Complaint [ECF No. 59] does not explicitly allege the SAFE transactions took place in the United States.  Moreover, it is not clear from the evidentiary record (much of which is sealed and thus difficult to access) what evidence exists at summary judgment that establishes the SAFE securities were "domestic transactions" for purposes of *Morrison*.  Plaintiffs must file their affidavit and submit citations to record evidence **no later than April 30, 2026**. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) (citing 28 U.S.C. § 1653: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").  Similarly, Defendants shall submit their position on this issue <u>no later than April 30, 2026</u>, with a reasonable extension allowable for good cause shown.

**DONE AND ORDERED** in the Southern District of Florida on March 31, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:      counsel of record